Reese, J.
delivered the opinion of the court'.
In two important propositions on the subject of tax sales, when collaterally investigated, all the leading cases in our State agree: first, that it is necessary to the validity of the judgment of condemnation that the grounds of fact upon which the jurisdiction rests should be set forth in such judgment; and secondly, that these grounds of fact necessary to maintain the jurisdiction being shown or averred, the truth of these grounds or the evidence -to establish them need not be shown. As a principle upon which to maintain the first proposition, some of the cases found themselves upon the limited and inferior jurisdiction of the county court and the summary and ex farte character of the proceedings in tax sales; while to maintain the second proposition, some of the judges appear to deny the proper application of the above principle to tax sale proceedings, and call to the support of such second proposition the principle that the jurisdiction is exclusive and the proceeding in rem.
Both these propositions appear in the following extract from the opinion of the court in the case of M'Carrol vs. Weeks, 2 Ten. Rep. 219: “The ground of jurisdiction is afforded to the county court by the existence of two facts: first, that the property taxed is situated in the county; secondly, that its owner is delinquent in discharging the taxes on it agreeably to law. When the court see these two facts spread upon the record it is all that it is necessary for it to see with a view to the legality of a j udgment for taxes. In support of a judgment of competent jurisdiction, all directory requisites of the law are presumed to have been com-' plied with, and this presumption attaches as well to‘the ju’dg- *376 ments of inferior or limited courts "as of those proceeding according to the course of the common iaw; in the latter a want of jurisdiction is never presumed. In a court of limited powers the reverse of this proposition holds.” So also these propositions are asserted and maintained, as w7ell by the opinions of the court as by that of the dissenting judge, in the case of Hamilton vs. Burum, 3 Yer. Rep. 155. In that case the court say: “If the judgment show upon its face the facts necessary to give it validity, it would not be necessary, in a trial of this sort, to go behind that judgment to show the evidence upon which it was founded.” So also the dissenting judge: “The court need only state the facts conferring jurisdiction without stating the evidence of the facts.” We do not understand that with regard to these two propositions there was any difference of views between he majority of the court and the dissenting member. The court say, “several facts must appear on the record in order to give validity to such sale;” that “the facts which give jurisdiction are: that the land lies in the county, that the sum due for the taxes remain unpaid, and that there was no personal property that could be distrained for the payment;” The court indeed, in another place, say, “it is not only necessary that the judgment should recite the facts upon which the jurisdiction of the court depends, but those facts must be recited as coming from the sources appointed by law to communicate them.” By this we do not understand the court as meaning that the county court should “show the evidence upon which their jurisdiction was founded,” for we have already seen that they assert the contrary; but we understand them as meaning that if the county court, in their judgment, omit to assume the facts upon which their jurisdiction rests, or themselves to state their existence, but instead thereof allege that they have been communicated to them by some officer or agent of the public, then the public must have trusted such officer or agent to make to them the communication, or their jurisdiction will not appear. From the .correctness of this principle. there must be few indeed who could not hesitate to dissent. We think- it correct, and the only question before us is, whether it was properly applied in *377 the case of Hamilton vs. Burum, for if so, it properly applies in this case also, which is identical.
The 11th section of the act of 1813, ch. 98, points out the manner in which justices shall return lists of real estate, and, among other things, it provides that they shall show its situation as being in the county, and its more minute locality, The IGth section of that act requires of the sheriff, when land has been so listed and returned by the justices and the taxes are not paid] and there is no personal property upon which to make distress, that he should report these facts to the court, that is, the non-payment of taxes and the want of personal property; the other facts, the existence of the land in the county, and its locality, constituted a portion of the justices report which must have been already made. It is obvious that the third section of the act of 1819 does not enlarge the powers or duties of the sheriff beyond those which were given or imposed by the 16th section of the act of 1813. ' The 16th section of the latter act contains the substance of what he is required to report by the terms of the 3d section of the act 1819, which requires of him, when performing that duty, that he should pursue as nearly as may be the form which is given fot his report by the 1st section of the act of 1819. It follows that as by the 16th section of the act of 1813 the sheriff is not required to report the situation and locality of land which has been listed for taxes and returned by the justices, so neither is he thus required by the 3d section of the act of 1819.
But it is argued that the form of the sheriff’s report of land not given in for taxation, set forth in the 1st section of the act of 1819, makes its manifest that the legislature did not require that the report of the sheriff or the judgment of the county court should show the fact as a ground of jurisdiction, that the land is situated within the county, No such statement is said to be contained in the form prescribed, and that to require it would be, by judicial construction, to make an interpolation upon the very terms of the act of assembly. And it is further said, that having been omitted in the section where the form is prescribed, it would be improper to require it in the case provided for in the 3d section. This whole ar *378 gument is overthrown by a reference to the actual form prescribed, which, like the 11th section of the act of 1813, requires that the situation of the land and its neighborhood, or more minute locality, should be shown, which certainly includes its position or existence within the limits of the county.
But it is said again, that if, in the case before us, the judgment of the county court does not assume the fact that the land lies in the county, nor state it as derived from any one empowered by law to make the communication, still looking behind the judgment, evidence of that fact will be found in the report of the surveyor made conformably to the act of 1821. To this we answer: first, that the report referred to was not a proceeding or evidence in the case or proceeding in rem. which resulted in the condemnation and salé of the land in question, the first step of which case was the report of the sheriff; and secondly, if we'could look behind the judgment for evidence to sustain it, we could also for evidence to render it invalid, which those who make this argument oppose, and which we think would be wrong.
It has been argued with much labor and ingenuity that the jurisdiction of the county court with relation to tax sales is not of a character so limited and inferior, nor the proceedings summary and ex parte in such case, as to make it necessary that the court should, in its judgment, state the grounds upon which its jurisdiction rests. The argument is that the judgment therefore may be liable to be reversed in a superior jurisdiction as erroneous, but not to be considered as void in a collateral proceeding. The result of this argument is that there may never have been a tax sale, which did not vest a good title in the purchaser. Many English authorities have been cited to maintain this argument. We have not felt called upon to investigate how far this ai’gument may seem to derive support from the authorities cited;' for if, upon a rigid analysis of them all, it should turn out that our courts, in their decisions upon tax sales, appear to have based themselves not upon the right reasons, still we should regard these tax sale decisions as constituting by themselves a system resting upon its own peculiar grounds and princi- *379 pies, and we should not, for such cause, think of weakening their force.
As to the particular case of Hamilton vs. Burum, the correctness of which we have in this opinion endeavored to maintain, it was determined five years ago, and has no doubt since that time constituted the rule of action and of property on the subject. Deeming as we do all fluctuation inju-dicial decision as an evil of some magnitude, yet to disregard, under the circumstances, the authority of the case in question, except upon grounds of the most urgent character, would operate an injury as extensive and fatal to the community as in any case which can be imagined. We are all therefore of opinion that the judgment must be reversed and that the cause be remanded to the circuit court for a new trial.